IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

16-2013-CA-002318

CASE NO.:
DIVISION:

DIVISION CV-F

THERESA MCCOY,

    **Plaintiff,**

v.

RICHARD FISHMAN
and UNITED SERVICES AUTOMOBILE
ASSOCIATION,

    **Defendants.**

_____/



FILED
MAR 0 1 2013
CLERK CIRCUIT COURT

## COMPLAINT

**COMES NOW** the Plaintiff, **THERESA MCCOY,** and sues the Defendants,

**RICHARD FISHMAN, and UNITED SERVICES AUTOMOBILE ASSOCIATION,** and

alleges as follows:

### COUNT I

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest, and is within the jurisdiction of this Court.

2. On or about October 24, 2012, Defendant, **RICHARD FISHMAN,** owned and operated a motor vehicle on J. Turner Butler Boulevard, (S.R. 202) Duval County, Florida.

3. At that time and place, Defendant, **RICHARD FISHMAN,** negligently operated or maintained the motor vehicle so that it collided with the motor vehicle in which Plaintiff, **THERESA MCCOY,** was a passenger, which in turn collided with another vehicle.

4. As a result of the above-described collision, Plaintiff, **THERESA MCCOY,** has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish,

loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, scarring, disfigurement, loss of earnings, loss of ability to earn money, inconvenience and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

5. This action is not subject to the tort threshold requirements contained in Florida Statute Annotated Section 627.737 as Plaintiff has sustained permanent injuries within a reasonable degree of medical probability.

## COUNT II

6. Plaintiff, **THRESEA MCCOY**, re-alleges the allegations of Count I, paragraphs 1-3 herein.

7. At all times material hereto, Defendant, **UNITED SERVICES AUTOMOBILE ASSOCIATION**, was and is a foreign corporation with a principal place of business in Texas. Defendant **UNITED SERVICES AUTOMOBILE ASSOCIATION (herein USAA)** has not registered its business with the State of Florida as a foreign corporation. Pursuant to Florida Statute Annotated §48.193(a), this Court has long-arm jurisdiction over Defendant, **USAA**, a foreign corporation which issued and delivered a Georgia under-insured insurance policy to Michael Safer in Duval County, Florida.

8. At all times material hereto, Defendant, **USAA**, was and remains an insurance company duly existing and authorized to conduct business under the laws of the State of Georgia. At all times material hereto, Defendant, **USAA**, through its agents and representatives, regularly sold its insurance products to persons located in Georgia and, at all times material hereto, transacted insurance business therein.

9. On the date of the above-described collision, **RICHARD FISHMAN** qualified as an "underinsured motorist" because he did not maintain sufficient bodily injury liability coverage

to compensate Plaintiff for the injuries she sustained as a result of **RICHARD FISHMAN'S** negligence.

10. On or about October 24, 2012, Michael Safer maintained a policy of automobile insurance with Defendant, **USAA,** policy number 00115 57 94U 7104 9 that provided underinsured motorist coverage benefits to Plaintiff. Plaintiff does not have a copy of the aforementioned policy in her possession at this time, but Defendant, **USAA,** has such policy within its possession or control. This policy remained in effect at the time and place of the aforementioned October 24, 2012, motor vehicle collision.

11. Plaintiff, **THERESA MCCOY,** has made demand upon Defendant, **USAA,** for payment of her claims under the applicable underinsured motorist coverage, being policy number 00115 57 94U 7104 9. Defendant, **USAA,** has wrongfully refused that demand, thereby breaching the contract and causing damages to Plaintiff, **THERESA MCCOY.**

12. This action is not subject to the exemptions contained in Florida Statute Annotated §627.737, (the Florida Reparations Reform Act), because Plaintiff, **THERESA MCCOY,** has sustained permanent injuries within a reasonable degree of medical probability, and because **RICHARD FISHMAN** did not maintain bodily injury liability coverage pursuant to Florida Statute Annotated §627.737.

13. As a result of the above-described collision, Plaintiff, **THERESA MCCOY,** has suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, scarring, disfigurement, loss of earnings, loss of ability to earn money, inconvenience and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

14. All conditions precedent to making this claim have been met or have occurred.

**WHEREFORE**, Plaintiff, **THERESA MCCOY,** demands judgment for compensatory damages plus costs against Defendants, **RICHARD FISHMAN and UNITED SERVICES AUTOMOBILE ASSOCIATION,** and demands trial by jury of all issues contained herein.

BARNES & COHEN, P.A.

By: _____
CHALMERS H. BARNES, ESQUIRE
Florida Bar No.: 197300
2747 Art Museum Dr., Ste. 500
Jacksonville, FL 32207
Telephone:   (904) 396-5181
Facsimile:    (904) 396-9008
**ATTORNEY FOR PLAINTIFF**